UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEMOND MIMMS, | ) | Case No. CV 13-1478 (JC) |
| Plaintiff, | ) ) | |
| v. | ) ) ) | ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE AS TIME-BARRED |
| FOUR UNKNOWN OFFICERS, | ) ) | |
| Defendants. | ) ) | |

On February 1, 2013, plaintiff signed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 ("Complaint") which was received by the Clerk on February 21, 2013. Plaintiff claims that four unknown Lynwood police officers deprived him of his Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizures and to due process when they falsely arrested him and seized his property on March 1, 1989.

Federal courts are permitted to consider, sua sponte, to dismiss a complaint as untimely so long as the defendants have not waived the defense. Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993), cert. denied, 510 U.S. 1093 (1994).

///

In actions brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), federal law determines when a civil rights claim accrues, i.e., when the limitations period commences to run. Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004). Under federal law, a Section 1983 claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1058 (9th Cir. 2002); see also Bagley v. CMC Real Estate Corp., 923 F.2d 758, 761-61 (9th Cir. 1991) (Section 1983 claim accrued when petitioner "first learned of the injury giving rise to his claims"). The allegations of the Complaint in this case reflect that plaintiff knew or had reason to know of the injury that is the basis of the Complaint on March 1, 1989.

Section 1983 claims are subject to the forum state's statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276 (1985); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). In California, prior to January 1, 2003, the statute of limitations period for a personal injury action was one year from the date the action accrued. Jones, 393 F.3d at 927. Effective January 1, 2003, the California statute of limitations for personal injury actions was extended to two years. Id.; Cal. Civ. Proc. § 335.1. This extended limitations period does not, however, apply retroactively to revive a plaintiff's claim that was otherwise barred under the old statutory scheme. Jones, 393 F.3d at 927, 927 n.4. Accordingly, as plaintiff's claim accrued in March 1989, the one-year statute of limitations appears to apply and, absent tolling, appears to have expired in March 1990.

In Section 1983 actions, federal courts apply the forum state's law regarding tolling except to the extent any of these laws is inconsistent with federal law. Jones, 393 F.3d at 927. California law provides for the tolling of the statute of limitations for Section 1983 claims against "a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused (potential plaintiff) is charged" while criminal charges are pending against a potential plaintiff. Torres v. City of Santa Ana, 108

F.3d 224, 226 (9th Cir. 1997) (emphasis added); Cal. Gov't Code § 945.3 ("Section 945.3") (emphasis added). Here, the Complaint affirmatively reflects that no charges relating to the conduct of the defendants were filed against plaintiff. Accordingly, it does not appear that plaintiff is entitled to tolling under Section 945.3.

California law also provides for the tolling of a statute of limitations for a period of up to two years based on a disability of imprisonment. Jones, 393 F.3d at 927; Cal. Civ. Proc. § 352.1. However, this tolling provision applies only to claims which accrue when a plaintiff is imprisoned on a criminal charge or in the execution under the sentence of a criminal court.[1] Cal. Code Civ. Proc. § 352.1(a); Jones, 393 F.3d at 927. Again, plaintiff does not appear to qualify for such tolling.

It thus appears to the Court that plaintiff's Section 1983 claim is barred by the statute of limitations which expired in March 1990.

In light of the foregoing, plaintiff is Ordered to Show Cause within fourteen (14) days as to why this action should not be dismissed as time-barred. In the event plaintiff claims that he is entitled to a delayed accrual of the statute of limitations, a lengthier statute of limitations or tolling of the statute of limitations, plaintiff must explain in detail the factual and legal basis therefor.

IT IS SO ORDERED.

DATED: March 7, 2013

                                                                              /s/
                                          Honorable Jacqueline Chooljian
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] California courts have read out of the statute a qualification that the period of imprisonment must be for a term less than life. Jones, 393 F.3d at 927 n.5.